Case 5:22-cv-00008-J   Document 17   Filed 04/27/22   Page 1 of 15

FILED
APR 27 2022
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

In the United States District Court For
The [West]ern District Of Oklahoma

| Jimmie D. Wilkins<br>Petitioner | CIV-22-8-J<br>Case # |
|---|---|
| Scott Crow<br>Respondent | Amanda MaxField Green<br>Judge |

## Motion

For State Court's Violation of Brady V. Maryland, 373 U.S. 83 (1963); State's Failure to Disclose Lack of Legal License, Of Judge, Prosecutor, Defense Attorney's, For Indian Country Jurisdiction; and "ANY" Jurisdiction in U.S. For Due Process; 4th, 5th, 6th, 14th Amendments; Rule 59(e), Actual Innocence Gateway Exception

Any Federal, State, Municiple, or Tribal Jurisdiction "MUST," (1st) provide to the defendant the right to "Effective" assistance of counsel at "Least Equal" to that guaranteed by the United States Constitution; (2nd) At the expense of the government claiming Jurisdiction, provide an indigent defendant the assistance of a defense Attorney {"Licensed"} to Practice "Law" by {"ANY"} Jurisdiction in the "United States," that applies appropriate professional Licensing standards and effectively ensures the

(page 1)                                    (next)

"Competence" and proffessional responsibility of it's "licensed attorneys;"

(3rd) "Require that the Judge" presiding over the criminal proceeding;

(A) Has sufficient Legal training to preside over criminal proceedings;

(B) Is "Licensed" to practice Law by "ANY" Jurisdiction in the United States; see Term Jurisdiction Loci; see also U.S. Const. Art. III.

As the United States Tenth Circuit of Appeals, has held in United States V. Sands, 899 F.2d 912 (10th Cir. 1990); see Murphy V. Royale, 875 F.3d 896, 907-909, 966 (2017); see also State V. Klindt, 782 P.2d 401, 404 (Okla. Crim. App. 1989), (Overruling Ex parte Nowabbi, 60 Okla. Crim. III, 61 P.2d 1139 (1936); also United States V. Sands, 968 F.2d 1058, 1062-1063 (CA10 1992), (Oklahoma Lacked Jurisdiction over crimes by or against Indians), therefore Why did Oklahoma historically think it could try Native Americans for "any" crime committed on restricted allotments or "anywhere" else? see McGirt V. Oklahoma, 591 U.S. ___ S.Ct. ___ (2020), In Klindt Oklahoma state courts

"Erroneously" entertained prosecutions for major crimes by Indians on Indian Allotments for decades, until states allegedly "finally" disavowed the practice in 1989. So whether a crime was committed on a restricted allotment, a reservation, or land that wasn't Indian country at all, to Oklahoma it just didn't matter. By Oklahoma's own admission, for decades Oklahoma's historical practices, didn't even try to conform to the Law, of the Major Crimes Act, of which makes the states past prosecutions "erroneous", and a meaningless guide for Federal Law of 18 U.S.C. §1151, Indian Country, by Oklahoma's having overstepped it's authority in Indian Country, "Maliciously", entertaining "Sham-Competency and guardianship proceedings that divested Tribal Members, of oil rich allotments, by the Federal Officials charged with implementing the Laws, rather than ignoring the written Law; see also Rice V. Olson, 324 U.S. 786, 789 (1945), (Chief Justice Marshall, held that Indian Tribes were

"Distinct-Political-Communities" having territorial boundaries, within which their authority is Exclusive). As the United States Supreme Court has held that, the State of Oklahoma has been "Maliciously" Entertaining "Sham Competency" explains to the Indian Petitioner that, Oklahoma's Judges and Attorney's do not have a license, to practice Law, by the Indian Nations, in the Indian Nation Reservation Therefore providing "Ineffective Assistance Of Counsel", and by the Judges that presided over the Petitioner's trial, and arraignment, and preliminary, and sentencing, were not Licensed within the Tribal Nation Reservation's, to preside. Therefore committing "Sham-Competency" by "NOT" being Licensed to practice within "ANY" Jurisdiction, in the United States. Thus creating "Actual-Innocence" for Federal Habeas Court, to excuse state procedural bar to Ineffective Assistance claims, and exhaustion of State remedies, and AEDPA's time limitations.

(page 4)   (next).

(10th Cir. Ct. Appls), Tymkovich, Chief Judge, held that;

(1st) habeas court's actual innocence inquiry, as basis for excusing procedural default of ineffective assistance claim, extended beyond a prisoner's guilt as a principal, and encompassed his guilt as an accomplice, and

(2nd) prisoner did not demonstrate actual innocence with respect to accomplice liability.

Footnote; Actual innocence can (1st) be invoked to overcome the A.E.D.P.A. limitations;

(2nd) it can be invoked to overcome other procedural bars to a claim;

(6th) Ft.Nt. (3rd) the Supreme Court has not foreclosed the possibility that actual innocence could be invoked as the substantive constitutional claim for habeas relief.

(7th) Ft.Nt. To qualify for the gateway actual innocence exception to procedural default of a federal habeas claim, a state prisoner need "not" conclusively demonstrate his innocence; rather, the prisoner must show that it is more likely than not that no reasonable Juror would have convicted him in the light of new evidence, or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.

There are three components of true "Brady" violations, (1st) Evidence at issue must be favorable to accused, either because it is exculpatory, or because it is impeaching; The State has proven that it did "NOT" have a license to practice law in "ANY" Jurisdiction of the United States, because it was not Licensed to practice by or in the Indian Reservation, and this information would have been "Exculpatory" evidence, for the favorability of the accused to obtain a Fair Trial, of the 4th, 5th, 6th, and 14th Amendments. (2nd) That evidence must be, or have been, suppressed by the State, either willfully or inadvertently; such as the states having suppressed the evidence that the state Judges and Prosecutors, and defense Attorney's, were not Licensed to practice Law, or render decisions that turned out to be Contrary To Clearly Established United States Supreme Court Precedence. (3rd) This would have Prejudiced the Petitioner from a Fair Trial therefore Prejudice must have ensued.

(page 6)

As Brady requires state to disclose material exculpatory and impeachment evidence, regardless of whether Motion compelling such disclosure is filed or granted.

To guide the prediction by a federal habeas court, in a habeas proceeding initiated by a state prisoner, of how the state's highest court would decide an issue of state law, the habeas court may consult persuasive state authority, such as dictum by the states highest court and precedential decisions by a states intermediate appellate courts. Petitioner has established that a Miscarriage of Justice has occurred, if this Federal Habeas Court does not review this claim. see McQuiggin V. Perkins, 569 U.S. 383, 386 (2013), (As Petitioner has unequivokly proven a miscarriage of Justice. And as United states V. Michael McGaughy, 670 F. 3d 1149 (10th Cir. 2012) (Subject Matter Jurisdiction cannot be confered as waived by consent, estoppel, or failure to challenge jurisdiction early in proceedings,

The practice of Law by a person, who has "not been Licensed" or admitted to practice Law in a given "Jurisdiction".

(Attorney's certificate): (18c) A certificate issued by a court to a duly qualified Lawyer permitting him, or him or her to practice in that court or in "all" the courts of that court's "Jurisdiction".

Tribal Court: (1978) Under the Indian Child Welfare Act, a court that has child-custody Jurisdiction and that is (1) a Court of Indian Offenses, (2) a court establishes and operated under an Indian Tribes code or custom, or (3) "ANY" other tribal administrative body that is vested with authority over child-custody proceedings. The "Tribal Court" is composed of "Tribal Members" is usually situated on the "Reservation", and varies in its characteristics from Tribe to Tribe. It is "NOT" part of "ANY" states Judicial system, instead operating more or less as a Judicial system of a foreign nation, or being in Violation of "Brady" doctrine.

(page 9)                                                                 (next)

Fisher V. Texas, 169 F.3d 295 (5th Cir. 1999), (Futility "Exception" To exhaust state question, applys when highest state court, has recently decided same or similiar legal question, adversly to Petitioner); see also 25 U.S.C.A. § 1302 (c) Rights of defendants; (Federal, State, Tribal, and Municiple (1) "MUST" provide to the defendant the "Right to Effective Assistance Of Counsel" at "Least Equal" to that guaranteed by the United States Constitution; and (2) At the expense of the "Government", provide an indigent defendant, the "Assistance Of A Deffense Attorney "Licensed" To Practice Law" by "ANY" "Jurisdiction" in the "United States" that applies appropriate professional Licensing standards and effectively ensures the "Competence" and professional responsibility of it's Licensed Attorneys.

(3) The Government "MUST" Require that the Presiding Judge over the criminal proceeding (A) has sufficient Legal training to preside over criminal proceedings; and (B) The Government "MUST" Require that the Judges,

Prosecutors, Defense Attorneys, And Arresting Officers, "MUST" be "Licensed" to practice law by {ANY} Jurisdiction in the United States; see also Wackerly v. State, OKCR 237 P.3d 795, (2010); see also Wackerly v. Workman, 580 F.3d 1171 (10th Cir. 2009), (Any Habeas Petitioner presenting ineffective assistance of counsel claims has the burden of establishing two things to prevail: (1st) he must show that counsel committed serious errors in light of prevailing professional norms, (such as the proof of an existing Professional License to Practice Law in "{ANY}" Jurisdiction in the United States), such that his {Legal} representation fell below an objective standard of reasonableness, (i.e. Attorneys false representation of being Licensed to practice Law in the "Jurisdiction" of the "Indian Country" proscribed by title 18 U.S.C § 1152 or 1153). (2nd), The Petitioner "MUST" show that this deficient performance mattered, (i.e. The Attorneys inability to use the Laws of the Indian Nation Reservation to prevail) Namely, that there is a reasonable probability that, but for counsel's "{Unprofessional}"

"errors", the results of the proceeding would have been different; see U.S.C.A. Const. Amend. 6.; see also Early V. Packer, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam) ("Indeed, A.E.D.P.A. "does not even require [state court] awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the State-court decision contradicts them)." Thus The O.C.C.A. did "NOT" evaluate the historical context of "{ANY}" Laws, (i.e. The "{Treaties of the Indian Nations}" for, the Indian Nations Right to require that, Attorneys requesting to Practice Law within the Indian Nation Reservation, obtain a License from the Nation, and pay a yearly fee to practice in the Nations Reservation). There The OCCA's decision failed To apply the required legal standard to the facts; see Strickland V. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). (As the (second) prong is that, defendant must show that the deficient performance prejudiced the defense by showing that counsel's errors were so serious as to deprive defendant of a fair trial,

"{A Trial whose result is reliable or competent}"; see U.S.C.A. Const. Amend. 6; also 18 U.S.C.A. § 3599(f); also 28 U.S.C.A. §§ 1254, 1291, 2253, 2254; see also Burt v. Titlow, 571 U.S. ---, ---, 134 S. Ct. 10, 12, 187 L. Ed. 2d 348 (2013), (Defendant must present evidence of what his counsel did or did "{NOT}" do), (ie. The Judge, the Prosecutor, The Police or Officers of the court, and the Defense Attorney, did "{NOT}" have a License to Practice within the Reservation or Former Reservation Oklahoma has "{NOT}" obtained Tribal Consent... and thus has never aquired Jurisdiction over Indian Country; see Cravatt, 825 P.2d at 279; see also Navajo Tribe, 809 F.2d at 1475, (Adjudicating... "Indian Law"), as "{Indian Law}" is the issue in question, we must turn to the U.S. S.Ct. dicta for the Indian Jurisdiction Law over Laws for "{Indian Nations and Reservation Laws}" see Felix Cohens, Federal Handbook On Indian Law, for Tribes Rights to affix Tribal Licensing for Attorneys within Tribal Jurisdiction. For Tribal as well as The U.S. Const. Amend. does hold that the Attorneys, Judges, Prosecutors, and

(page 13)                                                                 (next)

Officers of the Court, "MUST" be "Competent" to Function at the Job at which they are attempting to fulfil, under Tribal Regulations. see 1895 report from the Dawes Commission to Congress, which stated that, "The so-called governments" in the Indian Territories were "Wholly-Corupt, Irresponsible, and Unworthy to be longer trusted," with the Lives and property of Indian citizens; Dep't of the Interior, H.R. Doc. No. 54-55, at XCV (1st Sess. 1895), and as The Commission have not come here to interfere at all with the administration of public affairs in these "Nations" or to undertake to deprive any of your people of their just Rights; (i.e. 9th Amend. U.S. Const.), H.R. Doc. No. 54-5, at LXXX "Tribal Laws" requiring a permit to reside or carry on business in the Indian Country" were still in effect; see W.L. 1001 at 1900, also 23 U.S. Op. Atty. Gen. 214, 215 (1900) and at 215-18. Also at 219, "Simply Intruders" who "should be removed, unless they obtain such permit and pay the required tax, or permit, or "License-Fee" Id. at 219, and 220; see also Maxey v. Wright, 54 S.W. 807,

809-10, 8*2* (Indian Terr.)(Upholding Creek occupancy Tax imposed on non-Member "{Lawyers}" practicing Law within the Creek Nation) aff'd, 105 F. 1003 (8th Cir. 1900).

"{18 U.S.C.A. § 249, Hate Crimes Acts, 3/29/2022}"

(a)(1) Offenses involving actual or "{Perceived-Race}", color, religion, or National Origin, Whoever, whether or not acting under color of Law, willfully causes bodily injury to "{ANY}" person or, through the use of; fire, a firearm, a dangerous weapon, or an explosive, or incendiary device, (i.e. the firearm brandished by the Officer during the "{false-arrest}" by the "{Unlicensed-Officer}", attempts to cause bodily injury to any person, because of the actual or Perceived-Race, color, religion, or National Origin of "{ANY}" Person. (B)(i) "{Shall-be-imprisoned}" for any term of years, or for Life, fined in accordance with this title, or both, if death results from the offense, or (ii) the offense includes "{Kidnapping}", or an attempt to "{kidnapp}", aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to Kil

(IV)(II) or otherwise affects interstate of or "{foreign-commerce}", (ie. Art I sect. 8 Indians).

(page 15)                                                                                          (next)

"{25 U.S.C.A. §§ 4101-4243, 79 A.L.R. Fed. 2d. 285}"

(Statutes relating to Indians are to be given a liberal construction in "{Favor}" of the "{Indians}", interpreting Laws and Treaties in Light most "{Favorable}" to "{Indians}". Doubtful expressions are to be resolved in "{Favor}" of the interests of a people who are wards of the "{Nation}" and dependent wholly on it's protection and good faith)

"{41 Am. Jur. 2d Indians; Native Americans § 2}"

(If a person's natural Mother is Indian, the person must be considered Indian even though the Father is not Indian. Evidence of a parent, grandparent, or great-grandparent who is clearly identified as Indian is generally sufficient to satisfy the "Indian Blood" prong of the Test for Indian Status.

I Jimmie D. Wilkins do hereby declare, under penalty of perjury, all the information in this Motion is True and Correct to the best of My Knowledge.

_Jimmie Wilkins_
signature

4/25/2022
Date