## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIMMIE D. WILKINS, | ) |
| Petitioner, | ) ) ) |
| v. | ) )  Case No. CIV-22-8-J |
| SCOTT NUNN, | ) ) ) |
| Respondent. | ) ) |

## **ORDER**

Plaintiff, a state prisoner appearing *pro se*, filed a Petition for habeas corpus relief under 28 U.S.C. § 2254 (Petition). [Doc. No. 1]. The matter was referred for initial proceedings to United States Magistrate Judge Amanda Maxfield Green consistent with 28 U.S.C. § 636(b)(1)(B), (C). Because Petitioner's direct appeal is pending in state court, on screening Judge Green recommends the Petition be dismissed without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).[1] [Doc. No. 18].

Petitioner has also filed a Motion to Vacate the Judgment and Sentence; Or In the Alternative Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §§ 2241-2255. [Doc. No. 16]. Judge Green construes this filing as a new and unrelated habeas petition, and recommends it be denied as improperly filed and stricken. [Doc. No. 18]. The Court, however, construes it as a supplement to Petitioner's original Petition.

Despite being cautioned that he must file any objection no later than May 20, 2022, *see id.*, Petitioner did not object and has waived his right to appellate review of the factual and legal issues

---

[1] Petitioner has additionally filed two "motions" that do not request relief but appear to (in part) present arguments in support of his Petition. [Doc Nos. 15, 17]. As did Judge Green, the Court liberally construes these collective filings as a brief in support of the Petition.

addressed in the Report and Recommendation. *See Cassanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010). Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 18] and DISMISSES the Petition for writ of habeas corpus [Doc. No. 1] without prejudice. Because the Court is construing Petitioner's Motion to Vacate the Judgment and Sentence; Or In the Alternative Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §§ 2241-2255 [Doc. No. 16] as a supplement to the Petition, it is also DISMISSED without prejudice.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner has failed to make either showing and the Court denies the COA.

A separate judgment shall be entered.

IT IS SO ORDERED this 13th day of June, 2022.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE